An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-667

Filed 18 March 2026

Iredell County, Nos. 24JA000228-480, 24JA000229-480

IN RE:

J.B., IV and I.B.-B,

Minor Juveniles.

Appeal by respondent-mother from orders entered 2 April 2025 by Judge Carole A. Hicks in Iredell County District Court. Heard in the Court of Appeals 10 February 2026.

> *Lauren Vaughan for petitioner-appellee Iredell County Department of Social Services.*
>
> *Ellis & Winters LLP, by Tyler C. Jameson, for appellee Guardian ad Litem.*
>
> *Robinson & Lawing, LLP, by Christopher M. Watford, for respondent-appellant-mother.*

GORE, Judge.

Respondent-mother appeals from orders adjudicating her minor children, Joel and Ivy,[1] as abused and neglected juveniles. This Court has jurisdiction pursuant to

---

[1] Pseudonyms.

N.C.G.S. § 7B-1001(a)(3), as the appeal is from a final adjudication and disposition order entered by the Iredell County District Court. We affirm.

**I.**

Joel, age three, and Ivy, age eight, resided with their parents and other family members. Following a CPS report, DSS discovered both parents had repeatedly tested positive for fentanyl, methadone, and other substances. Hair follicle screens revealed Joel tested positive for fentanyl, methadone, and marijuana; Ivy tested positive for marijuana. The substances in the children's systems matched those for which the parents tested positive. When DSS requested follow-up drug screens, both parents failed to appear.

**II.**

A trial court's evidentiary rulings are reviewed for abuse of discretion. *Watts-Robinson v. Shelton*, 251 N.C. App. 507, 513 (2016). In reviewing an adjudication order, we determine whether the findings are supported by clear and convincing evidence and whether the findings support the conclusions of law. *In re S.R.J.T.*, 276 N.C. App. 327, 329 (2021). The conclusion that a juvenile is abused or neglected is reviewed de novo. *In re V.B.*, 239 N.C. App. 340, 341 (2015).

**III.**

**A.**

Respondent-mother argues the children's drug test results should have been excluded under N.C.G.S. § 90-21.10B, which requires written or documented parental

consent before a health care practitioner may provide treatment to a minor. This statutory argument was not raised below; counsel acknowledged "North Carolina it seems does not have a specific statute on drug screening minors." The issue is not preserved. N.C.R. App. P. 10(a)(1). The argument actually presented—that parental consent was required and not obtained—was rejected by the trial court, which found that consent was given at the CFT meeting. This finding is unchallenged on appeal and supported by competent evidence. Accordingly, the trial court did not abuse its discretion in denying the motion to exclude.

**B.**

An abused juvenile includes one whose parent "creates or allows to be created a substantial risk of serious physical injury." N.C.G.S. § 7B-101(1)(b) (2024). Three-year-old Joel tested positive for fentanyl, methadone, and marijuana; eight-year-old Ivy tested positive for marijuana. The same substances were found in the parents' drug screens. When DSS requested follow-up drug screens, both parents failed to appear. This evidence supports a reasonable inference that the parents were responsible for the children's exposure. *See In re W.C.T.*, 280 N.C. App. 17, 28 (2021). The exposure of young children to controlled substances constitutes clear evidence of a substantial risk of serious physical injury—particularly where, as here, a three-year-old tested positive for fentanyl. The trial court's abuse adjudication is supported by clear and convincing evidence.

**C.**

A neglected juvenile includes one living in an "environment that is injurious to the juvenile's welfare." N.C.G.S. § 7B-101(15)(e) (2024). Unlike *In re V.M.*, 273 N.C. App. 294 (2020), where a mother unknowingly used a contaminated bottle, here both parents engaged in prolonged drug use, and their children tested positive for the same substances. A positive drug screen itself constitutes evidence of harm. *In re K.H.*, 281 N.C. App. 259, 269 (2022). The trial court's neglect adjudication is supported by clear and convincing evidence.

**D.**

Respondent-mother's sole argument for reversing the disposition order is that the adjudication should be reversed. She identifies no independent error in the disposition. Because we affirm the adjudication, and respondent-mother raises no other challenge, we affirm the disposition order.

**IV.**

For the foregoing reasons, the trial court's adjudication of Joel and Ivy as abused and neglected juveniles is supported by clear and convincing evidence. We affirm the adjudication and disposition orders.

AFFIRMED.

Judges ARROWOOD and CARPENTER concur.

Report per Rule 30(e).